UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-81064-CIV-MARRA/JOHNSON

GUSMAN LUBERISSE, on his own
behalf and others similarly situated,

    Plaintiff,

vs.

V & V SONS, INC., a Florida corporation, et al.,

    Defendants.
_____/

**OPINION AND ORDER**

    This cause is before the Court upon Defendant Angelo Abbenante's Motion to Dismiss the Complaint [DE 11], filed April 15, 2008. Plaintiff Gusman Luberisse filed his response memorandum and a Motion to Strike the Pro Se Answer on May 10, 2008 [DE 12]. No reply memorandum has been filed. The matter is now ripe for review.

    Plaintiff has filed a one-count complaint for recovery of overtime compensation against his former employers, Defendants V & V Sons, Inc. and Angelo Abbenante, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) [DE 1]. In response to the Complaint, Defendant Abbenante, proceeding pro se, filed a motion to dismiss, stating that he was never affiliated with the corporate Defendant and that Plaintiff did not work over 40 hours per week [DE 11]. In addition, Defendant Abbenante states that he would "help . . . in any way to resolve this issue." In response, Plaintiff moves to strike the motion to dismiss, claiming that Defendant Abbenante cannot represent the corporate Defendant. (Resp. at 2.) In addition, Plaintiff argues that the

motion to dismiss improperly asks the Court to consider matters outside of the Complaint. (Resp. at 3.)  Lastly, Plaintiff contends that the Complaint adequately states a claim under the FLSA.  (Resp. at 6.)

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed.R.Civ.P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted). When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Here, Plaintiff has adequately alleged a claim under the FLSA.  Plaintiff has alleged that he was a non-exempt employee who performed work for Defendants and that Defendants failed to pay him time and a half wages for his overtime hours worked in violation of the FLSA. (Compl. ¶¶ 1, 6-7, 9, 13.)  The Complaint also alleges that Plaintiff was employed by an enterprise engaged in commerce.  (Compl. ¶ 4.)  These allegations clearly state a claim under the FLSA. See Powell v. Morton Plaint Mease Health Care, Inc., 174 Fed. App'x 520, 521 (11th Cir. 2006); Hasier v. OHC Environmental Engineering, No. 08:07-cv-721-T-30EAJ, 2007 WL 2050975, * 2 (M.D. Fla. July 13, 2007).  Thus, Defendant Abbenante's Motion to Dismiss must

be denied.

Plaintiff moves to strike the motion to dismiss, claiming that Defendant Abbenante cannot represent the corporate Defendant. To the extent the motion was filed on behalf of the corporation, the motion is granted as to the corporate Defendant   After all, it is a well-settled principal of law that a corporation cannot appear <u>pro se</u> and must be represented by counsel. <u>See Palazzo v. Gulf Oil Corp.</u>, 764 F.2d 1381, 1385-86 (11th Cir. 1985). Thus, Defendant V & V must secure counsel to represent the corporation or risk having a default judgment being entered against it. The Court will allow Defendant V & V 30 days to obtain counsel to represent it in court.

Finally, given Defendant Abbenante's apparent willingness to settle this case, the Court believes that the best course of action is for the parties to engage in immediate settlement negotiations. To that end, the Court hereby refers this matter for the purpose of a settlement conference to United States Magistrate Judge Peter R. Palermo.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Defendant Angelo Abbenante's Motion to Dismiss the Complaint [DE 11] is **DENIED**.

2) Plaintiff's Motion to Strike the Pro Se Answer [DE 12] is **GRANTED with respect to Defendant V & V and DENIED with respect to Defendant Abbenante.**

3) Defendant V & V shall secure counsel to represent it **within 30 days of the date of entry of this Order.**

4) This case is hereby **REFERRED** to United States Magistrate Judge Peter R.

Palermo for purposes of a settlement conference.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 2nd day of June, 2008.

_____
KENNETH A. MARRA
United States District Judge