UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-81064-CIV-MARRA/JOHNSON

GUSMAN LUBERISSE, on his own
behalf and others similarly situated,

Plaintiff,

vs.

V & V SONS, INC., a Florida corporation, et al.,
d/b/a PRIME 707 and ANGELO ABBENANTE,
individually,

Defendants.
_____/

## OPINION AND ORDER

This cause is before the Court upon *pro se* Defendant Angelo Abbenante's Renewal Motion to Dismiss and/or for Summary Judgment & Request for Hearing (DE 20).  Plaintiff has filed a response (DE 27).  No reply memorandum was filed.  The Court has carefully considered the motion and is otherwise fully advised in the premises.

Plaintiff has filed a one-count complaint for recovery of overtime compensation against his former employers, Defendants V & V Sons, Inc. and Angelo Abbenante, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) (DE 1).  In response to the Complaint Defendant Abbenante filed a motion to dismiss (DE 11).  The Court denied the motion, finding that the Complaint adequately alleged a claim under the FLSA (DE 13). Nonetheless, Defendant seeks to "renew" the previously-filed motion to dismiss.

To the extent this "renewal" motion can be construed as a motion for reconsideration, the Court notes that Defendant Abbenante has failed to set forth any of the grounds for relief under

Rule 60 of the Federal Rules of Civil Procedure.  Nor does the Court find that reconsideration is appropriate under Rule 60.  Defendant Abbenante has simply restated the arguments he raised in the previous motion to dismiss, and those arguments are no more persuasive now than they were previously.  See Z.K. Marine, Inc. v. M/V Archigetis, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983) (a motion for reconsideration should not be used to reiterate arguments already made or to ask the Court to "rethink what the Court . . . already thought through.").

Furthermore, with respect to Defendant Abbenante's Motion for Summary Judgment, the motion is premature.  Defendant seeks to present evidence showing that Plaintiff did not work over 40 hours per week.  Defendant also wants the Court to consider evidence regarding the relationship between Defendant Abbenante and V & V Sons.  Plaintiff, however, has stated that he needs to conduct discovery in support of his FLSA claim, including deposing Defendant Abbenante as well as other non-party witnesses, before he can meaningfully respond to the motion for summary judgment.

The Court cannot resolve the summary judgment motion at this early stage of the proceeding.  In ruling on summary judgment motions, the Eleventh Circuit has held that "summary judgment may only be decided upon an adequate record."  WSB-TV v. Lee, 842 F.2d 1266, 1269 (11th Cir. 1988).  As such, a non-moving party may move pursuant to Federal Rule of Civil Procedure 56(f) for a continuance to obtain further evidence, where additional discovery would enable the non-movant to carry its burden on summary judgment.  See Fed. R. Civ. P. 56(f); Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1116 n.3 (11th Cir. 1993).  Here, the Court finds that Plaintiff should be allowed to conduct adequate discovery prior to filing his response to

Defendant's motion.  In reaching that conclusion, the Court notes that the period to conduct discovery extends until July 27, 2009.  Given that Plaintiff is not requesting that the discovery period be extended beyond the cut-off date set forth in the scheduling order, the Court finds Plaintiff's  request to be entirely reasonable.  This is especially true when a party has been unable to take depositions of individuals relied upon in the moving party's motion for summary judgment or when there are outstanding discovery requests.  See Snook v. Trust Company of Georgia Bank of Savannah, N.A., 859 F.2d 865, 870 (11th Cir. 1988) ("[g]enerally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests").  Thus, Defendant's Motion for Summary Judgment is denied without prejudice.  Defendant may renew his motion after adequate discovery has been completed.  Lastly, the Court finds that a hearing on this motion is unnecessary.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Angelo Abbenante's Renewal Motion to Dismiss and/or for Summary Judgment & Request for Hearing (DE 20) is **DENIED**.  Defendant Abbenante may renew his motion for summary judgment after adequate discovery has been completed.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 3rd day of November, 2008.

_____
KENNETH A. MARRA
United States District Judge